**U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF WISCONSIN**

NATALIE PETERS,
Plaintiff,

v.

RALPH M. RAMIREZ
Defendant, In Personal Capacity.

**2 6 -C- 8 0 9**

Case No.: _____

U.S. District Court
Wisconsin Eastern

MAY 07 2026

FILED
Clerk of Court

**FEDERAL COMPLAINT FOR DECLARATORY RELIEF AND INJUNCTIVE RELIEF**

## COMPLAINT

### I. JURISDICTION

1. This action arises under the self-executing provisions of the Constitution of the United States (Article VI Supremacy Clause and the Fifth Amendment Due Process Clause), the Articles of Confederation (as preserved in the republican form of government under Article IV, Section 4), and various federal statutes, including:
   - 28 U.S.C. § 2201 (Declaratory Judgment Act)
   - 28 U.S.C. § 2202 (Further Relief)
   - 28 U.S.C. § 1331 (Federal Question)
2. Jurisdiction in this matter is absolute and non-discretionary, as the Constitution's self-executing mandates cannot be ignored by the judiciary, nor can there be judicial discretion regarding verified absences of lawful qualifications for public office.

### II. PARTIES

1. Plaintiff: Natalie Peters, a natural woman endowed with inherent, unalienable rights and self-executing immunities as safeguarded by the Constitution of the United States of America.
2. Defendant: Ralph M. Ramirez, a natural man who is purportedly holding a public office of trust and profit, but is sued in his personal capacity due to the verified absence of lawful qualification.

### III. STATEMENT OF FACTS

1. Plaintiff submitted multiple verified requests for public records to the Wisconsin Office of the Secretary of State, seeking:
   - Official Public Oath of Office
   - Official Public Fiduciary Bond
   - Certificates confirming the existence or non-existence of the above documents.
2. These verified requests were made on various dates in 2026:
   - February 15 and 25 / March 6, 18 and 19 / April 8 and 13
3. The Office of the Secretary of State responded with statements that "No responsive records exist" on the following dates:
   - February 20, 2026 (Reference No. 51041)
   - March 5, 2026 (Reference No. 71367)
   - March 26, 2026 (Reference No. 71755)
   - April 13, 2026 (Reference No. 82357)

### IV. MANDATORY OPERATION OF LAW

1. The U.S. Constitution, Wisconsin Constitution, and applicable statutes impose non-discretionary ministerial duties upon individuals claiming authority in a public office of trust and profit. These include filing a lawful oath and being bound by an official fiduciary bond before exercising any authority. Non-compliance results in:
   - Patent disqualification
   - Total absence of lawful authority
   - Self-executing jurisdictional nullity of all acts performed
2. These are fixed legal realities with no room for judicial discretion.

COMPLAINT

## V. HOHFELDIAN JURAL RELATIONS (ANALYSIS OF RIGHTS, DUTIES, DISABILITIES)

1. Plaintiff holds absolute constitutional rights to due process and self-executing immunities from unauthorized exercises of power.
2. Defendant bears mandatory duties to act only with verified lawful authority and is completely disabled from exercising coercive power absent proper qualification.
3. Absence of Power: Without qualification, the defendant possesses no power to create obligations, alter Plaintiff's status, or bind Plaintiff; all such attempts are jurisdictional nullities by operation of law.

## VI. CONSTITUTIONAL TORTS AND TRESPASSES (VOID AB INITIO) ON RECORD

The following acts, performed without lawful authority, constitute trespasses against the Plaintiff, breaches of the peace, and forfeitures of any claimed official immunity: Substantial exhibit consolidation can be located in (Appellate Case No. 2026AP000836) in addition to the exhibits attached herein.

1. Kidnapping and false imprisonment, including retaliatory arrest, detention, and solitary confinement.
2. Extortion via fabricated charges and demands for biometrics and high-value bonds.
3. Aggravated identity theft and financial fraud (verified by IRS) and imposition of unconstitutional $25,000 cash bail.
4. Theft and conversion of Plaintiff's vehicle (held 162 days, then transported out of state), destruction of family-run business, and coordinated denial of access to court.
5. Defamation, framing, and dissemination of fabricated charges.
6. Unauthorized entry of plea on Plaintiff's behalf in violation of the Sixth Amendment.
7. Willful disregard of Plaintiff's verified pretrial acceptance (a self-executing agreement on the record).
8. Obstruction of justice, including but not limited to, denial of foundational motions, refusal to identify the nature of the accusations or the prosecuting authority, denial of inspection of the charging instruments, and denial of remote appearance post-seizure.
9. Conspiracy to defraud and tortious interference with Plaintiff's binding arbitration victory.

## VII. POLITICAL COLLUSION, MINISTERIAL BREACH & INSTITUTIONAL CAPTURE

The following coordinated acts—performed under the pretense of authority—constitute total forfeiture of the appearance of impartiality and a self-executing breach of public trust:

1. The defendant's claim to office is based on a closed-loop political nomination process that involves the defendant and other Waukesha County judges/court staff, creating irreconcilable conflicts of interest while bypassing public vetting.
2. Warrants were issued without probable cause by parties with direct conflicts.
3. Failure of supervisory judges to intervene despite verified notice, violating ministerial duties under state rules.
4. The Waukesha County judiciary has operated as a self-ratifying private enterprise, forfeiting its judicial character and becoming a de facto junta exercising power without lawful authority.
5. Exhaustion of state remedies: Summary denials by Wisconsin appellate courts and the supreme court confirm that no adequate state remedy exists.

## VIII. SELF-EXECUTING CONSTITUTIONAL VIOLATIONS

These violations exist as a matter of law and require mandatory federal intervention:
- Unauthorized exercise of power under color of authority
- Per se denial of due process
- Unlawful restraints on liberty and property
- Void proceedings before a tribunal lacking verified qualification

**COMPLAINT**

## IX. DECLARATORY JUDGMENT

The following facts are established as legal realities with no judicial discretion to the contrary:

1. Any exercise of authority by the defendant without a lawful Official Public Oath of Office and an Official Public Fiduciary Bond on file with the Secretary of State is unconstitutional, void ab initio, and a complete nullity.
2. Plaintiff possesses absolute, self-executing immunity from all unauthorized acts performed by the defendant under color of authority but without lawful qualification.
3. Defendant is under a total legal disability to exercise any coercive power, jurisdiction, or authority over Plaintiff, and has no power to create obligations, alter Plaintiff's status, or bind Plaintiff in any manner.

## X. INJUNCTIVE RELIEF (MANDATORY BY OPERATION OF LAW)

By mandatory operation of self-executing law, the following relief is required to restore the republican form of government and to halt ongoing constitutional violations:

1. Defendant is automatically and immediately enjoined from any further exercise of purported authority over Plaintiff absent verified qualification. All such acts are and remain jurisdictional nullities.
2. All proceedings, orders, warrants, and actions taken by the defendant against the plaintiff are declared void ab initio and must be vacated as a matter of law.

## XI. IRREPARABLE HARM (EXISTING FACT)

Plaintiff is currently suffering, and will continue to suffer, irreparable harm to life, liberty, property, and unalienable rights through ongoing coercive proceedings, loss of business, conversion of property, and physical, emotional, and spiritual injury. Such harm is not compensable by money damages and constitutes a continuing trespass, taking, and breach of the peace by operation of law.

## XII. PRAYER FOR RELIEF (MANDATORY ACKNOWLEDGMENT)

WHEREFORE, by operation of self-executing constitutional law, the Articles of Confederation, and the Republican Form of Government, Plaintiff demands that this Court:

1. Formally acknowledge and declare the legal realities stated in Section IX above;
2. Issue the injunctive relief required in Section X to cease all unauthorized acts;
3. Grant any and all further relief necessary to fully restore Plaintiff's rights, vacate any void actions, and remedy the institutional defects noticed herein.

## VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my firsthand knowledge and belief.

Dated: May 1, 2026

By: _____

Natalie Peters, Plaintiff
c/o 300 E. Broadway
Waukesha, WI 53186-8999
trust@gwelite.org
307-357-1256

**COMPLAINT**