NATALIE PETERS,

        Plaintiff,

              Case No. 26-cv-809-pp

    v.

RALPH M. RAMIREZ,

        Defendant.

---

NATALIE PETERS,

        Plaintiff,

              Case No. 26-v-818-pp

    v.

ERIC SEVERSON,

        Defendant.

---

NATALIE PETERS,

        Plaintiff,

              Case No. 26-cv-830-pp

    v.

PAUL BUGENHAGEN,

        Defendant.

---

NATALIE PETERS,

        Plaintiff,

              Case No. 26-cv-844-pp

    v.

MICHAEL J. APRAHAMIAN,

        Defendant.

---

**ORDER SCREENING PLAINTIFF'S COMPLAINTS AND DISMISSING CASES**

---

1

Three times in the past six and a half months, the plaintiff has attempted to remove her state criminal case (<u>State of Wisconsin v. Natalie R. Peters</u>, Waukesha County Circuit Court Case No. 2025CF1473) to federal court. <u>See</u> <u>United States v. Peters</u>, Case No. 25-cr-208-LA; <u>United States v. Peters</u>, Case No. 26-cr-67-JPS; and <u>United States v. Peters</u>, Case No. 26-cr-76-PP. She also filed a *habeas* petition under 28 U.S.C. §2241, asking the federal court to intervene in the state court proceedings. <u>Peters v. Waukesha County Circuit Court</u>, Case No. 26-cv-124-PP. The judge assigned to each of those cases either summarily remanded or dismissed them.

Over the course of the week before the court dismissed her *habeas* petition, the plaintiff filed four more cases. She has sued the judge who is presiding over her state criminal cases (she is the defendant in multiple criminal cases pending in Waukesha County Circuit Court) (<u>Peters v. Judge Ralph M. Ramirez</u>, Case No. 26-cv-809-PP); a sheriff (<u>Peters v. Severson</u>, Case No. 26-cv-818-PP); and two other Waukesha County circuit court judges (<u>Peters v. Judge Paul Bugenhagen, Jr.</u>, Case No. 26-cv-830-PP and <u>Peters v. Aprahamian</u>, Case No. 26-cv-844-PP). The plaintiff has not paid the $405 filing fee or filed a motion for leave to proceed without prepaying the filing fee in any of these four cases. She also continues to file documents in her closed cases.

The plaintiff's filings are unnecessarily and inappropriately consuming federal court resources. This order screens and dismisses the four complaints filed between May 7 and May 13, 2026, and orders that if the plaintiff continues to file federal lawsuits that constitute attempts to circumvent the

2

state-court criminal process, the court has the authority to impose sanctions, up to and including a bar against her filing further federal lawsuits until further order of the court.

## I.       Screening

The court screens complaints filed by self-represented litigants to decide whether the plaintiffs have raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Although courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations

3

merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

The plaintiff filed almost identical complaints in each of the four civil cases she filed between May 7 and May 13, 2026. The only significant differences between each complaint is the name of the defendant and the types of violations alleged. The plaintiff begins each complaint with Section I, a jurisdictional statement in which she refers to the Supremacy Clause, Due Process Clause, the Articles of Confederation, the Declaratory Judgment Act, 28 U.S.C. §2202 and 28 U.S.C. §2284.

A.     Complaint in *Ramirez*, Case No. 26-cv-809 (Dkt. No. 1)

In Ramirez, filed May 7, 2026, the plaintiff sues Judge Ralph Ramirez, who is presiding over her state court criminal proceedings. She asserts that Judge Ramirez is "a natural man who is purportedly holding a public office of trust and profit," but she also says that she is suing Judge Ramirez in his personal capacity "due to the verified absence of lawful qualification." Peters v. Ramirez, Case No. 26-cv-809-PP (E.D. Wis.), Dkt. No. 1 at 1.

Section III, "Statement of Facts," is identical in each of the four complaints. The paragraph never mentions a defendant by name, but Section III of each of the four complaints states that the plaintiff requested the official oath of office, the official public fiduciary bond and certificates confirming the existence or non-existence of those documents from the Secretary of State. Id. Section III of each of the four complaints asserts that the Office of the Secretary of State responded that "no responsive documents exist." Id.

4

In Section IV, "Mandatory Operation of Law," the plaintiff alleges that someone has failed to comply with statutes that impose "non-discretionary ministerial duties" on people in office. Id. According to the plaintiff, this includes a "lawful oath and being bound by an official fiduciary bond before exercising any authority." Id. The plaintiff alleges that non-compliance results in "patent disqualification, total absence of lawful authority and self-executing jurisdictional nullity of all acts performed." Id.

The plaintiff titles Section V of the complaints "Hohfeldian Jural Relations (Analysis of Rights, Duties, Disabilities)." Id. at 2. She asserts that she holds absolute constitutional rights and self-executing immunities, that the defendant is "completely disabled from exercising coercive power absent proper qualification" and that the defendant bears mandatory duties to act only with lawful authority. Id.

Section VI, "Constitutional Torts and Trespasses," differs slightly from complaint to complaint. In Ramirez, the plaintiff cites "Appellate Case No. 2026AP000836" as "proof of trespasses" against her, "breaches of peace" and forfeitures of claimed immunities. Id. She lists nine claims but never provides the who, what, where, when or how of those claims. For example, she lists kidnapping and false imprisonment, extortion, theft and conversion, defamation, framing, unauthorized entry of a plea, willful disregard of "her pretrial acceptance," obstruction of justice and "conspiracy to defraud and tortious interference with Plaintiff's binding arbitration." Id. at 2. But she does not explain how Judge Ramirez kidnapped or falsely imprisoned her, or when.

5

<u>Id.</u> She says that the extortion involved "fabricated charges and demands for biometrics and high-value bonds," but again provides no other details of what allegedly happened or when. <u>Id.</u> She says that there was a conspiracy to defraud but does not explain who else allegedly was involved in that conspiracy (other than Judge Ramirez), what kind of fraud the alleged conspirators agreed to commit or when they did it. <u>Id.</u>

Section VII of the complaint alleges "political collusion, ministerial breach & institutional capture." <u>Id.</u> Similar to the allegations the plaintiff made in her federal *habeas* petition, she argues in these cases that the defendant's claim to office is based on a "closed-loop political nomination process that involves the defendant and other Waukesha County Judges/court staff, creating irreconcilable conflicts of interest while bypassing public vetting." <u>Id.</u> She asserts that supervisory judges have failed to intervene and that the Waukesha County judiciary has operated as a "self-ratifying private enterprise." <u>Id.</u>

In Section VIII, the plaintiff lists "self-executing constitutional violations," such as "unauthorized exercise of power under color of authority," "per se denial of due process, unlawful restraints on liberty and property," and "void proceedings before a tribunal lacking verified qualification." <u>Id.</u>

Under Section IX (labeled "Declaratory Judgment"), the plaintiff alleges that any exercise of authority by the defendant "without the lawful oath of office and official public fiduciary bond is void ab initio and a complete nullity." <u>Id.</u> at 3. She maintains that she possesses immunity and that the defendant is "under a total legal disability to exercise any coercive power, jurisdiction, or

6

authority over Plaintiff, and has no power to create obligations, alter Plaintiff's status, or bind Plaintiff in any manner." Id.

Under Section X, the plaintiff seeks an injunction by "mandatory operation of self-executing law." Id. The plaintiff seeks to enjoin the defendant from exercising any authority over her and seeks an order declaring that "all proceedings, orders, warrants, and actions taken by the defendant against the plaintiff are declared void ab initio and must be vacated as a matter of law." Id. In Section XI, she alleges that she is suffering irreparable harm. Id. Section XII contains her prayer for relief; she asks the court, "by operation of self-executing constitutional law, the Articles of Confederation and the Republican Form of Government," to formally acknowledge everything she alleged in Section IX (the "declaratory judgment" section), issue the injunctive relief requested in Section X, vacate any void actions, remedy the institutional defects that she has pointed out and grant her "any and all further relief necessary to fully restore Plaintiff's rights." Id.

On the day the court received this complaint, it also received from the plaintiff a letter addressed to the Clerk of Court, stating (among other things) that she "refuses to have a magistrate enter final judgment in this matter" and asserting that "a three-judge panel is required to ensure constitutional compliance and impartial adjudication." Dkt. No. 1-1. The court also received from her a document titled "CIVIL CASE COVER SHEET," although it is not the court's form civil cover sheet. Dkt. No. 1-2. In this document, she asserts that no filing fee is required "due to a jurisdictional defect and the Republican Form

7

of Government's requirement for free access to the courts." Id. With her complaint, she filed seventy-eight pages of exhibits, some of which she also had filed with her January 26, 2026 *habeas* petition. Dkt. No. 1-3. These documents include records requests that she emailed to the state of Wisconsin. Id. at 8-11. She also attached what appears to be Judge Ramirez's oath of office, id. at 21, his declaration of candidacy, id. at 28, and various documents that appear to be unsigned court orders, id. at 47, 55-59.

B.    Complaint in *Severson*, Case No. 26-cv-818 (Dkt. No. 1)

In the Severson complaint, Section I, "Jurisdiction," mirrors Section I in the complaint filed in Ramirez. Peters v. Severson, Case No. 26-cv-818 (E.D. Wis.), Dkt. No. 1 at 1. Under "Parties," the plaintiff identifies Eric Severson as a defendant; as she did with Judge Ramirez, the plaintiff describes Severson as "a natural man who is purportedly holding a public office of trust and profit, [and] is sued in his personal capacity due to the verified absence of a lawful qualification." Id.

Sections III through V—"Statement of Facts," "Mandatory Operation of Law" and "Hohfeldian Jural Relations"—are identical to those sections in the Ramirez complaint. Id. at 1-2. But the Severson complaint includes two additional "constitutional torts:" "failure to uphold or have fundamental knowledge of basic constitutional law" and "subjecting plaintiff to solitary confinement covered in biohazardous human waste is a grave violation that transcends mere civil rights violations to inhumane torture and possible war crime." Id. at 2.

Section VII of the <u>Severson</u> complaint is labeled "Improper Actions by Sheriff, Conflicts of Interest, Breach of Public Trust." <u>Id.</u> at 2. The actions the plaintiff lists include execution of warrants "grounded in personal interest," "warrants issued without proper scrutiny . . . leading to wrongful arrests and unlawful taking of property," supervisory failures and systematic failures. <u>Id.</u>

The remainder of the complaint is identical to the <u>Ramirez</u> complaint and includes the same "self-executing constitutional violations," requests for declaratory relief, injunctive relief, statement of irreparable harm and prayer for relief. <u>Id.</u> Essentially, the plaintiff seeks an injunction preventing any further action against her in the state court proceedings and an order declaring all orders, warrants and other actions void. <u>Id.</u> at 2-3. The plaintiff attached to the <u>Severson</u> complaint some, but not all, of the same exhibits she filed in <u>Ramirez</u>. <u>Id.</u> at Dkt. No. 1-2 (thirty-four pages of exhibits).

C.     Complaint in *Bugenhagen*, Case No. 26-cv-830 (Dkt. No. 1)

Two days after she filed the complaint in <u>Severson</u>, the plaintiff filed a third federal complaint, naming as a defendant a different Waukesha Circuit Court judge. <u>Peters v. Bugenhagen</u>, Case No. 26-cv-830-PP (E.D. Wis.), Dkt. No. 1. She includes the same statement of jurisdiction, but lists Paul Bugenhagen, Jr. as the defendant. <u>Id.</u> at 1. The complaint describes Judge Bugenhagen—as the plaintiff described Judge Ramirez and Sheriff Erikson—as "a man who is purportedly holding a public office as a circuit judge of trust and profit but is sued in his personal capacity due to the verified absence of lawful qualification." <u>Id.</u> Again, Sections III through V and VII through X—Statement

9

of Facts, Mandatory Operation of Law, Hohfeldian Jural Relations, Declaration Judgment, Injunctive Relief, Irreparable Harms and Prayer for Relief—are identical or nearly identical to those sections of the other complaints. Id. at 1-3. Section VI, "Self-Executing Constitutional Violations," lists only four such violations—unauthorized exercise of power under color of authority, per se denial of due process, unlawful restraints on liberty and property and void proceedings before a tribunal lacking verified qualification." Id. at 2. But the plaintiff did not provide any information about what Judge Bugenhagen allegedly did to violate her rights, or even if, or how, he is related to the criminal proceedings pending in Waukesha County Circuit Court. The plaintiff did not attach any exhibits to this complaint.

> D.     Complaint in *Aprahamian*, Case No. 26-cv-844 (Dkt. No. 1)

On May 13, 2026—two days after filing the complaint in Bugenhagen— the plaintiff filed a fourth case, this one against Michael J. Aprahamian, another Waukesha County circuit judge. Peters v. Aprahamian, Case No. 26-cv-844-PP (E.D. Wis.), Dkt. No. 1. The complaint is identical to the complaint filed in Bugenhagen. The complaint does not mention Judge Aprahamian beyond alleging that he "is a man who is purportedly holding a public office as a circuit judge of trust and profit but is sued in his personal capacity due to the verified absence of lawful qualification." Id. at 1. The plaintiff attached to this complaint ten pages of exhibits, none of which are related to a particular court case. Dkt. No. 1-2.

10

E.   Discussion

Three judges in this district have told the plaintiff that she could not remove ongoing criminal proceedings from Waukesha County Circuit Court to this federal court. See Case Nos. 25-cr-208; 26-cr-67; 26-cr-76. Despite that, she filed four new civil cases while her *habeas* petition challenging the same underlying criminal case remained pending (Peters, Case No. 26-cv-124). In each of the four newest complaints, the plaintiff asks the court to pause pending state court criminal cases and interfere with state warrants. The four complaints are attempts to circumvent the ordinary course of a state criminal prosecution and federal *habeas* procedures.

Federal judges have told the plaintiff, more than once, that the federal court will not insert itself into ongoing state criminal proceedings. See Case No. 26-cv-124, Dkt. No. 18 at 10-11 (citing Younger v. Harris, 401 U.S. 37, 53–54 (1971)). Yet in each of her four most recent civil complaints, the plaintiff asks the court to do just that, requesting injunctive relief and a declaration that all state-court warrants and orders are void. Younger "directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state court proceedings." J.B. v. Woodard, 997 F.3d 714, 722 (7th Cir. 2021) (citing Younger, 401 U.S. at 43–44). A federal court can avoid this directive only if there are circumstances that create "an extraordinarily pressing need for immediate federal equitable relief, not merely in the sense of presenting a highly unusual factual situation." Kugler v. Helfant, 421 U.S. 117, 125 (1975). The plaintiff's theories about judicial oaths and nomination ballots

11

are disjointed, unsupported and difficult to follow. They do not present the extraordinary circumstances required to allow a federal court to interfere with a state criminal case.

Aside from the fact that the relief the plaintiff requests in each case would require this federal court to interfere with ongoing state criminal proceedings, the plaintiff faces additional hurdles with her filings. First, her conclusory allegations do not comply with federal pleading requirements. The plaintiff has not explained what each defendant did or did not do with respect to the alleged "constitutional torts" and has not explained when or where any events occurred.

Second, filing a civil case requires the filer to either pay a $405 filing fee or—as the clerk has instructed the plaintiff—to file a motion to proceed without prepaying the filing fee along with the requisite proof that the plaintiff cannot pay. Ramirez, Case No. 26-cv-809, Dkt. No. 4; Severson, Case No. 26-cv-818, Dkt. No. 2; Bugenhagen, Case No. 26-cv-830, Dkt. No. 3; Aprahamian, Case No. 26-cv-830, Dkt. No. 3. The plaintiff has done neither of those things in any of the four most recent cases. At the moment, she owes $1,800 in filing fees for the four cases she filed during the week of May 7-13.

Third, if the plaintiff believes she can circumvent the issues the court has raised by filing a civil rights lawsuit under 42 U.S.C. §1983 challenging something other than the ongoing state court criminal proceedings, she should be aware that to be held liable under §1983, an individual defendant must have been personally involved in the alleged constitutional violation; that

12

defendant "must have caused or participated in a constitutional deprivation." Pepper v. Village of Oak Park, 430 F.3d 805, 810 (7th Cir. 2005) "Liability does not attach unless the individual defendant caused or participated in a constitutional violation." Id. There is no supervisory liability in §1983 cases. Kinslow v. Pullara, 538 F.3d 687, 692 (7th Cir. 2008).

Fourth, "[j]udges are generally entitled to absolute immunity from suit for their judicial conduct." Schneider v. County of Will, 366 F. App'x 683, 684 (7th Cir. 2010) (citations omitted). "Judges have immunity for judicial acts even if they act erroneously, maliciously, or in excess of their authority . . . ." Bertha v. Hain, 787 F. App'x 334, 338 (7th Cir. 2019). That means that the three judges likely are immune from liability, regardless of the plaintiff's claims against them.

Fifth, whenever an attorney or an unrepresented person represents something to a federal court in a pleading, that party is certifying that the information is not being presented for an improper purpose and that it is factually supported and warranted by law. Fed. R. Civ. P. 11(b). Failing to verify the facts or the law exposes a litigant to the possibility of sanctions under Rule 11(c). It appears to this court that the plaintiff filed all four of the most recent lawsuits for the improper purpose of doing an end-run around the Waukesha County Circuit Court criminal process.

The plaintiff must wait out the state-court criminal process. If, at the end of the Waukesha County Circuit Court criminal cases, the plaintiff is convicted, she must then give the state courts a full and fair opportunity to resolve any

13

constitutional issues. In other words, she must appeal to the Wisconsin Court of Appeals and, if she is unsuccessful there, must seek review by the Wisconsin Supreme Court. Only after the plaintiff has completed one complete round of the Wisconsin state appellate review process may the plaintiff return to federal court to seek federal *habeas* relief. In other words, the plaintiff must exhaust all available state remedies before seeking federal *habeas* relief.

Federal judges now have advised the plaintiff multiple times that the federal court will not intervene in state criminal proceedings and that she cannot seek federal *habeas* relief until she has exhausted her state-court remedies. The plaintiff may not continue to seek such relief in federal court. If the plaintiff files another complaint in this federal court asking it to intervene in her state criminal proceedings, asking to remove the state criminal proceedings to federal court or seeking federal *habeas* relief before she has exhausted her state remedies, the court has the authority to impose sanctions against her. These sanctions may include financial penalties such as fines, dismissal of the complaint and a filing bar prohibiting the plaintiff from filing further lawsuits in federal court until further order of the court.

## II. Conclusion

The court **DISMISSES** the above-captioned four cases for failure to state claims for which a federal court may grant relief, and for failure to follow court orders and procedures.

The court **ORDERS** that if the plaintiff files another complaint in federal court asking it to intervene in her state criminal proceedings, asking to remove

14

the state criminal proceedings to federal court or seeking federal *habeas* relief before she has exhausted her state remedies, the court may impose sanctions against the plaintiff, up to and including a filing bar.

Dated in Milwaukee, Wisconsin this 18th day of May, 2026.

BY THE COURT:

HON. PAMELA PEPPER
Chief United States District Judge

15